HENDRY, Judge.
Ashley Valentine Carter appeals from his conviction and sentence for burglary of a dwelling and sexual battery. We have carefully examined the record as a whole and conclude that no error has been demonstrated in the trial court’s denial of appellant’s motion to compel production of allegedly favorable polygraph results. It is well established that polygraph evidence is not admissible unless both parties stipulate to its admissibility. Delap v. State, 440 So.2d 1242 (Fla.1983), cert. denied, — U.S. --, 104 S.Ct. 3559, 82 L.Ed.2d 860 (1984); Anderson v. State, 241 So.2d 390 (Fla.1970), vacated on other grounds, 408 U.S. 938, 92 S.Ct. 2868, 33 L.Ed.2d 758 (1972). Because these results are inadmissible, they are also not discoverable. Jacobs v. State, 396 So.2d 713 (Fla.1981).
Furthermore, the defense was given a wealth of information regarding the polygraph examination. It was given a copy of the questions asked during the polygraph examination and the prosecutrix’s answers. The defense was given a copy of the statement the prosecutrix made to the polygraph examiner and the record reflects that this statement was consistent with her trial testimony. The defense was also told that it was the polygraph examiner’s opinion that the prosecutrix was untruthful in some of her answers. Appellant filed the motion to compel the production of these specific untruthful answers. The fact remains, however, that even if the defense had been given the polygraph results, this information could not be used as evidence against the prosecutrix as long as she continued to assert that this was a sexual battery. Thus, the trial court did not err in denying the motion to compel.
We find several errors, however, in the computation of points under the sentencing guidelines and in the enhancement of the sentence. The state conceded that the one point for prior convictions was improperly included. The points assessed for “moderate” victim injury should be reduced because the victim admittedly had only slight physical injuries. Finally, under the circumstances of this case, we find that the reasons given by the trial court for departing from the guidelines and enhancing the sentence were improper.
Affirmed in part; reversed in part and remanded for resentencing in accordance with the guidelines.